ERNEST PLATH, Respondent, *v.* THE MANHATTAN RAILWAY COMPANY and Another, Appellants.

*Damages for easements — award of Special Term, when affirmed.*

In an action in equity against an elevated railroad to enjoin the use by it of the plaintiff's easements of light, air and access, and for the recovery of past damages caused thereby, where there is testimony to support the award made by the Special Term, the judgment entered thereon will be affirmed.

APPEAL by the defendants, The Manhattan Railway Company and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New

264   PLATH *v.* MANHATTAN R. CO.

FIRST DEPARTMENT, APRIL TERM, 1895.   [Vol. 86.

York on the 20th day of July, 1894, upon the decision of the court rendered after a trial at the New York Special Term.

*Julien T. Davies* and *James C. Bushby*, for the appellants.

*Leo C. Dessar* and *Edwin M. Felt*, for the respondent.

PER CURIAM:

This is the usual action in equity to enjoin the use by defendants of plaintiff's easements of light, air and access, and for the recovery of past damages caused thereby. The premises in suit are known as No. 283 Bowery, and are located on the eastern side of that street, twenty-three feet north of the corner of Houston street. The lot is twenty-six feet ten inches in width front and rear, and seventy-five feet in depth. Upon it is a brick building sixty feet deep, with five stories and basement, having a store on the first floor, and four floors over the store. The basement is used as a barber shop, the store as a wholesale and retail cigar store, and the four upper floors as a lodging house. This building was placed there by the plaintiff and his brother in 1883, at a cost of $25,000, which, together with the sum of $34,000 paid for the lot, would make the cost of the premises in 1883 $59,000. There was testimony given showing the rental history of the building and the fee values of the property, and after weighing all the considerations in favor of and against an award, the judge at Special Term fixed the rental damage at the rate of $200 per year for a little over four years, and the lessened value of the premises at $3,500.

We think that there was testimony to support the awards thus made, and there being no other questions than such as have been frequently disposed of, it remains but to affirm the judgment, with costs.

Present — VAN BRUNT, P. J., O'BRIEN and FOLLETT, JJ.

Judgment affirmed, with costs.